**P. A. J. CORP., Plaintiff,**

v.

**Patrick MURPHY, Commissioner of the Police Department of the City of New York, and Frank S. Hogan, District Attorney of New York County, Defendants.**

**No. 70 Civ. 5094.**

United States District Court,
S. D. New York.

Dec. 8, 1970.

Jay Goldberg, New York City, Thomas R. Asher, Washington, D. C., for plaintiff.

J. Lee Rankin, Corporation Counsel, City of New York, New York City, for defendant Murphy; Michael Klein, Asst. Corporation Counsel, of counsel.

Frank S. Hogan, Dist. Atty., New York County, New York City, pro se; Donald H. Heller, Asst. Dist. Atty., of counsel.

### OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, the owner of a theatre, moves for the return of motion picture films which had been exhibited at its theatre, projection and sound equipment and $923 in United States currency, all of which had been seized under a search warrant. The warrant was issued by a judge of the Criminal Court in the City of New York upon the affidavit of a police officer, who described the nature of the films and alleged "probable cause to believe" that they were "obscene within the purview of section 235.00, subd. 1, of the Penal Law (Obscenity)." The judge who issued the search warrant, which also authorized the seizure of the films,

did not see them. Four employees of plaintiff are charged in two counts with violation of section 235.05 of the Penal Law of the State of New York, McKinney's Consol. Laws, c. 40, in that they did (1) promote and possess, with intent to promote, obscene materials, and (2) produce, promote and direct an obscene performance.

The seizure of the films and the other material was made without a prior adversary hearing, as mandated in Bethview Amusement Corp. v. Cahn.[1] The State, however, urges that *Bethview* is inapplicable because the film there seized, while allegedly "obscene," was not "hard core pornography," whereas here the seized films, according to it, are "hard core." The attempt on the basis of this purported distinction to read an exception into *Bethview* is superficial and without substance. Apart from the fact that determining what is "hard core pornography" involves an evaluation of judgment (here made ex. parte by a police officer), of which Mr. Justice Stewart, in his well known phrase, said he "perhaps * * * could never succeed in intelligibly" defining it, "[b]ut I know it when I see it," [2] the fact is that in *Bethview* the Court of Appeals significantly noted, "[w]e are not called upon to decide whether the film was in fact obscene."[3] The holding in *Bethview,* based upon the First Amendment constitutional considerations, is so explicit, at least to this court, that if any exception is to be read into it, it should be done by the Court of Appeals.[4]

The motion for the return of the seized films and other property and currency is granted without prejudice to defendants proceeding in accordance with the requirements of *Bethview.* The defendant's cross-motion to dismiss the complaint is denied.

1. 416 F.2d 410 (2d Cir. 1969), cert. denied, 397 U.S. 920, 90 S.Ct. 929, 25 L.Ed. 2d 101 (1970).

2. Jacobellis v. Ohio, 378 U.S. 184, 197, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964) (Stewart, J., concurring).

3. 416 F.2d at 411. *See also* Astro Cinema Corp. v. Mackell, 422 F.2d 293 (2d Cir. 1970); Tyrone, Inc. v. Wilkinson, 410 F.2d 639 (4th Cir.), cert. denied, 396 U.S. 985, 90 S.Ct. 477, 24 L.Ed.2d 449 (1969); Metzger v. Pearcy, 393 F.2d 202 (7th Cir. 1968); Bongiovanni v. Hogan, 309 F.Supp. 1364 (S.D.N.Y.1970).

4. The State's action in bypassing *Bethview* was deliberate. The Assistant District Attorney in charge of the matter, in opposing this motion, submitted an affidavit in which he stated: "Taking into consideration the fact that the film being shown there from my questioning of [the police officers] were of a hardcore variety—in essence stag movies, I decided to move by means of an ex parte search warrant for seizure of them and the equipment used in their showing.

* * *

"At the time I proceeded, I knew of the Second Circuit's ruling in the *Bethview* case but decided that the film * * * could be distinguished from that case.

"My intention was to test whether a film obviously hard-core could be seized without a prior adversary hearing." A reading of the State's brief in Astro Cinema Corp. v. Mackell, *supra,* shows that the State made substantially the same argument as here advanced. There, two judges had viewed the film before it was seized, one of whom was made "violently ill" by what he saw, and the other described the film as "the most revolting, reviling, most disgusting, debasing picture I ever saw." The State, upon appeal, argued, referring to the judges' prior viewing of the film, "[h]ow can it be said in these circumstances that an adversary hearing is necessary. Where the court is convinced what it saw was obscene, an adversary hearing involving expert testimony is unnecessary." Brief for Appellee at 3, 7, Astro Cinema Corp. v. Mackell, 422 F.2d 293 (2d Cir. 1970).